UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| LRP MUSHROOMS, INC. | : | |
| | : | Bankruptcy No. 09-18529 |
| Debtor | : | |
| _____ | | |
| LRP MUSHROOMS, INC. | : | |
| Plaintiff | : | |
| v. | : | |
| JAMES FIENI and GABRIEL FIENI, | | Adversary No. 10-0201 |
| | : | |
| Defendants | : | |
| _____ | | |

................................................

STATEMENT OF REASONS
IN SUPPORT OF ORDER

................................................

AND NOW, upon consideration of the Debtor-Plaintiff's Motion for a

Preliminary Injunction Against Defendants,

And after an evidentiary hearing,[1]

---

[1] The hearing on this matter immediately followed the hearing on the debtor's motion to assume and reject certain leases of real property, which also involved these defendants. The parties assumed that the factual record of that earlier hearing would be incorporated herein to the extent relevant, and so will I. Factual findings surrounding the lessor/lessee relationship between the debtor and defendant James Fieni are provided in the memorandum dated July 13, 2010 docketed at Bankr. No. 09-18529, which determined the debtor's motion to assume the lease as to mushroom plant 1 and to reject the leases as to mushroom plants 2 and 3.

And upon consideration of the memoranda submitted by the parties in support of their positions regarding preliminary relief,

And in the above-captioned adversary proceeding, the debtor/plaintiff asserts that defendants should be held liable for willfully violating the automatic stay because they "interfered with the Debtor's right of possession of mushroom plant 1," which property is leased by the debtor from defendant James Fieni and consists of four double mushroom houses situate on Penn Green Road and the closest to the intersection of Starr Road, Landenberg, Pennsylvania. A loading wharf is part of this mushroom plant,

And defendant Gabriel Fieni is the brother of James Fieni, and also lives with him at a farmhouse adjacent to and/or very near mushroom plant 1,

And Mr. James Fieni has illnesses that limit his physical and mental abilities. His brother has assisted him in billing the debtor for rent due and in depositing checks received,

And since 1993, Mr. James Fieni has leased one or more leaseholds to the debtor (or its principal, Mr. Luccio Pizzini, Jr.) to be operated as plants growing mushrooms. These plants use compost, and the debtor and third parties occasionally "dump" spent compost on land owned by Mr. James Fieni. Mr. James Fieni charges a fee per truckload for such dumping,

And the debtor/plaintiff asserts that the defendants intentionally interfered with its right of possession of mushroom plant 1 by authorizing a third party (S&P Conveyors) to dump "spent compost that contaminated the wharf and blocked access to Plant 1," and by "physically assaulting Debtor's principal" and "instructing the Debtor not

to enter the [leasehold] Premises." The debtor/plaintiff maintains that such conduct violated 11 U.S.C. § 362(h). Complaint, "Wherefore" clause,[2]

And in November 2009, the debtor filed a voluntary petition in bankruptcy under chapter 11. Among its creditors was defendant James Fieni. Court records reflect that notice of this bankruptcy filing was mailed to Mr. James Fieni in November 2009. See, e.g., docket entry #22. Moreover, the defendant does not dispute that he received notice of the debtor's bankruptcy filing in or about November 2009,

And it is undisputed that in February 2010, Mr. Gabriel Fieni instructed the aforementioned third party to dump spent compost on the wharf of plant 1. Mr. Gabriel Fieni testified that the land normally used for dumping was snow covered, that plant 1 had not been used by the debtor for months, and that he believed the debtor did not intend to use this plant in the future,

And in April 2010, the debtor, which did intend to use mushroom plant 1, but could not use it with spent compost on its wharf, authorized an employee to remove the spent compost,

And there is no dispute that the debtor's employee began removing the spent compost, and was then asked to cease such removal by Mr. Gabriel Fieni. Mr. Gabriel Fieni asserts that the debtor's employee was removing the spent compost from the plant 1 wharf by placing it in or near a water resource for the farmhouse,

And the debtor's employee called Mr. Pizzini, who arrived promptly at the plant 1 wharf. An altercation between Gabriel Fieni and Luccio Pizzini, Jr. occurred, and

---

[2] It is likely that the debtor/plaintiff intended to refer to section 362(k), which was formerly section 362(h).

3

a police officer was called. After this altercation, the debtor ceased any attempt to remove the remaining compost from the wharf and ceased all operations at the plant 1 location,

And, however, there was no evidence presented that defendant James Fieni instructed Gabriel Fieni to have compost dumped on the wharf at plant 1, nor that he was aware that Gabriel Fieni had instructed a third party to dump spent compost on this wharf, nor that he later ratified or approved of the third party's dumping on the wharf, nor that he was aware of or instructed his brother to stop the debtor's removal of the spent compost from this wharf,

And Gabriel Fieni also credibly testified that when he instructed the third party to dump the spent compost on the wharf at plant 1, he was acting only on his own initiative and not based upon instructions from his brother, James Fieni,

And the evidence presented established that, owing to James Fieni's declining health, his involvement with the debtor as lessee has diminished. Specifically, Gabriel Fieni has been collecting rental payments from the debtor, authorizing dumping of compost on his brother's property by the debtor and other third parties, and sending rental invoices to the debtor,

And Fed. R. Bankr. P. 7065 incorporates Fed. R. Civ. P. 65 (except that a debtor, trustee or debtor in possession need not post security to obtain a restraining order or preliminary injunction). Rule 65(a) authorizes the issuance of a preliminary injunction,

And in this circuit, four general elements must be considered before a preliminary injunction may be entered:

> When ruling on a motion for a preliminary injunction, the
> district court must consider four factors: the likelihood of

4

> success on the merits; the extent of irreparable injury from the conduct complained of; the extent of irreparable harm to the defendants if a preliminary injunction issues; and the public interest.

Clean Ocean Action v. York, 57 F.3d 328, 331 (3d Cir. 1995); accord Snee v. Barone, 359 Fed. Appx. 281, 284 (3d Cir. 2009) (non-precedential); Shire US Inc. v. Barr Laboratories, Inc., 329 F.3d 348, 352 (3d Cir. 2003). Moreover, insofar as these four elements are concerned, the first two are of paramount importance:

> In order to obtain a preliminary injunction, plaintiffs must show both (1) that they are likely to experience irreparable harm without an injunction and (2) that they are reasonably likely to succeed on the merits. A court may not grant this kind of injunctive relief without satisfying these requirements, regardless of what the equities seem to require.

Adams v. Freedom Forge Corp., 204 F.3d 475, 484 (3d Cir. 2000); accord Northampton County Democratic Party v. Hanover Township, 2004 WL 887386, at *9 (E.D. Pa. 2004),

And there are two categories of preliminary injunctions. One type is designed "to preserve the status quo until the rights of the parties can be fairly and fully investigated and determined by strictly legal proofs and according to the principles of equity." Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980). The second category is called "mandatory preliminary injunctions." These injunctions are not intended to preserve the status quo; instead, they direct the defendant to undertake certain actions, and may afford "the movant substantially all the relief he may recover at the conclusion of a full trial on the merits." SCFC ILC, Inc. v. VISA USA, Inc., 936 F.2d 1096, 1099 (10th Cir. 1991),

And the only preliminary injunctive relief sought by the debtor/plaintiff is to enjoin the defendants —i.e., lessor James Fieni and his brother Gabriel—from

5

"physically denying the Debtor/Plaintiff access to the leased land." Proposed Order to Motion for Preliminary and Permanent Injunction; see also Moton "Wherefore Clause,"[3]

And therefore the debtor/plaintiff does not seek a mandatory preliminary injunction,

And, further, as a preliminary injunction is a form of equitable relief, generally the party seeking such relief must show that there is no adequate legal remedy available. See generally Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc., 222 F.3d 132 (3d Cir. 2000). If there is an adequate remedy at law, i.e., monetary compensation, see Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir. 1994), then the plaintiff will not be able to demonstrate irreparable harm:

> The crucial issue in determining whether the district court abused its discretion in finding irreparable injury in this case is the question of whether money damages provide an adequate remedy at law to Instant. The Supreme Court, in speaking to the standards for granting preliminary injunctions, has noted:
>
>> [I]t seems clear that the temporary loss of income, ultimately to be recovered, does not usually constitute irreparable injury. . . . 'The key word in this consideration is irreparable. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs

---

[3]The debtor/plaintiff's motion does not seek injunctive relief in the form of an order directing either defendant to physically remove the remaining compost from the plant 1 wharf. The debtor's posthearing memorandum is less clear on this point. However, as the debtor acknowledged that it has both the capability of removal as well as a place to dump the compost, which location does not involve land owned by Mr. James Fieni, it did not demonstrate irreparable harm for such additional mandatory preliminary relief.

6

> heavily against a claim of irreparable harm.'
> (emphasis in original).
>
> Sampson v. Murray, 415 U.S. 61, 90, 94 S.Ct. 937, 953, 39 L.
> Ed. 2d 166 (1964) (quoting Virginia Petroleum Jobbers Assn.
> v. FPC, 259 F.2d 921, 925 (D.C. Cir.1958)). As we stated in
> Arthur Treacher's: "[W]e have never upheld an injunction
> where the claimed injury constituted a loss of money or loss
> capable of recoupment in a proper action at law." Id. at 1145.
> In Frank's GMC, 847 F.2d 100 (3d Cir. 1988) we found that
> "[t]he availability of adequate monetary damages belies a
> claim of irreparable injury." Id. at 102.

Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir. 1989); see, e.g., Ace American Insurance Co. v. Wachovia Insurance Agency Inc., 306 Fed. Appx. 727, 731 (3d Cir. 2009 ("In other words, a preliminary injunction must be the only way of protecting the plaintiff from harm and may not be granted to relieve purely economic harm."); Binney & Smith v. Rose Art Industries, 2001 WL 910943, at *2 (E.D. Pa. 2001),

And the debtor/plaintiff contends that defendant James Fieni, who is a creditor, violated the bankruptcy stay by permitting dumping on the plant 1 leasehold and then preventing the debtor from removing the dumped compost and thereafter using mushroom plant 1,

And at the commencement of the hearing on the instant motion, the debtor requested, and defendant Gabriel Fieni provided, an oral promise in open court not to further interfere in any way with the debtor's operations at plant 1. In exchange for this promise, the debtor withdrew its request for preliminary injunctive relief as to defendant Gabriel Fieni,

And however, due to his undisputed poor health, defendant James Fieni was not present, and was represented only by counsel. As counsel was unable to provide a

similar promise on behalf of James Fieni, the debtor insisted on proceeding with the instant motion as to James Fieni only,

And the debtor/plaintiff seeks to preliminarily enjoin defendant James Fieni from taking action to interfere with the debtor's operations at plant 1. However, the evidence presented revealed that the complained-of activity was done solely on the initiative of Gabriel Fieni and without the knowledge or instruction of James Fieni. Gabriel Fieni has promised not to further interfere with the debtor's business, and this promise was acceptable to the debtor. Further, there was no evidence presented that James Fieni had in the past taken any action to interfere with the debtor's operations, nor that there was any likelihood that he would do so in the future.[4] Thus, the debtor has failed to meet its burden to show a danger of irreparable injury if James Fieni is not prohibitively enjoined,[5]

Accordingly, an order shall be entered that denies the debtor/plaintiff's motion for a preliminary injunction. Furthermore, this order shall schedule a hearing on the debtor/plaintiff's request for a final injunction, as well as trial on the other relief

---

[4] Given the medical condition of Mr. James Fieni, it appears that he is only able to act to prevent the debtor's use of plant 1 through his brother Gabriel. As the debtor has accepted the promise of Gabriel not to interfere in the future, the likelihood of Mr. Fieni posing a future danger to the debtor's operations is minimal.

[5] The debtor also argues that James Fieni should be enjoined because the actions of Gabriel Fieni may be attributable to James Fieni on a theory of apparent agency. I draw no conclusions as to whether such an agency relationship existed regarding the complained of conduct. It is sufficient that, for purposes of preliminary equitable relief, Gabriel Fieni has promised not to further interfere with the debtor's activities, and that this promise was satisfactory to the debtor. Whether past conduct of Gabriel Fieni could be attributable to James Fieni need not now be considered.

sought in its adversary proceeding.

_____
BRUCE FOX
United States Bankruptcy Judge

Dated: July 20, 2010